**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darrin E. WALKER, Defendant–**
**Appellant.**

No. 03–3233.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2004.

Michael J. Burns, Asst. U.S. Attorney, U.S. Attorney's Office Southern District of Ohio, Columbus, OH, for Plaintiff–Appellee.

Gordon Hobson, Federal Public Defender's Office, Columbus, OH, for Defendant–Appellant.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

## ORDER

Darrin E. Walker, represented by counsel, appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 2002, Walker was indicted on federal drug charges. Walker moved to suppress certain statements and physical evidence. Following an evidentiary hearing, the district court denied the motion. Subsequently, a jury convicted Walker of attempting to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841 and 846, and possessing with intent to distribute more than 50 grams of cocaine in violation of 21 U.S.C. § 841. The district court sentenced Walker to a total of 360 months of imprisonment.

On appeal, Walker's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issues for review: 1) whether the district court properly denied Walker's motion to suppress evidence obtained during an allegedly illegal search of his home; 2) whether any reversible error occurred during Walker's trial and whether the jury's verdict was supported by the evidence; and 3) whether the district court properly sentenced Walker. Walker has filed a motion for the appointment of replacement counsel.

■ Upon review, we conclude that the district court properly denied Walker's motion to suppress. A decision on a motion to suppress evidence is reviewed under two separate standards. First, this court will uphold a district court's factual findings unless they are clearly erroneous. *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir.1999). Second, review of the district court's legal determination as to probable cause is de novo. *Id.* A warrant must be upheld as long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Sonagere*, 30 F.3d 51, 53 (6th Cir.1994).

The record supports the finding that the search warrant was supported by probable cause of criminal activity at Walker's residence. The affidavit filed in support of the application for a search warrant reflected that Walker had previously been arrested for drug trafficking, that an individual named Perry Jemison ("Jemison") stated that he was transporting four kilograms of cocaine to Walker's residence, and that Jemison eventually followed Walker to his residence and handed Walker a knapsack containing "fake" cocaine as they entered the garage.

In addition, Walker consented to the search of his home. After the agents moved in to arrest Walker, he eventually

told them that he did not object to a search of the residence. He also advised the agents that there were weapons, money, and contraband in the home. Subsequently, Walker executed a consent to search form granting the agents permission to search his home. The record does not support the conclusion that there was any duress or coercion.

■ The seizure of a firearm, prior to the issuance of the search warrant, did not invalidate the warrant. The gun was seized as part of a "protective sweep," after Walker had voluntarily informed the agents that there was a gun present in the bedroom. The affidavit in support of the search warrant does not contain any information concerning the discovery of this weapon. Hence, the magistrate judge who issued the search warrant did not rely on the discovery of this weapon when the decision was made to issue a search warrant. The agents also did not violate Walker's rights when they searched his garage, *see United States v. Bennett,* 170 F.3d 632, 639 (6th Cir.1999), or the car parked inside of the garage.

■ We also conclude that the government presented sufficient evidence to support Walker's conviction. *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In order to obtain a conviction for possession with intent to distribute a controlled substance under § 841(a)(1), the government must prove that a defendant knowingly possessed with the intent to distribute a controlled substance. *See United States v. Gibbs,* 182 F.3d 408, 424 (6th Cir.1999).

During the trial, an investigating agent (Janey Carroll) testified that Jemison had informed police officials that he was transporting cocaine for Walker, and that she confirmed Walker's phone number and address. She also testified that Jemison called Walker, that the two men met, and then proceeded to Walker's residence with a knapsack containing "fake" cocaine. Another agent (Matthew Heufelder) testified that Jemison took the "fake" cocaine into Walker's garage, and that a group of agents then moved in to arrest Walker. Heufelder testified that Walker informed the agents that a firearm and money were located in the bedroom between the mattresses. After the agents received the search warrant, they searched the bedroom where the gun was found and the attached bathroom. In the bathroom, the agents discovered a box containing a digital scale, sandwich bags and razor blades, as well as a plastic bag with cocaine residue. The agents also recovered three bags of cocaine. In addition, the agents searched a Chevy Impala parked in the garage, and discovered cocaine, a money counter, a bullet-proof vest, small plastic baggies, and two firearms in the trunk. They also discovered a secret compartment where the passenger-side air bag had been, and discovered white residue in the secret compartment.

Another witness (Agent Michael Metzger) testified that, in his opinion, the materials found in the master bathroom constituted a crack conversion lab. A government chemist (Elizabeth Adkins) testified that some Pyrex dishes and a scale had crack residue on them. A fingerprint specialist (Thomas Morris) testified that Walker's fingerprints were found on a package of cocaine recovered from a linen closet. Based on this testimony, the jury's verdict was clearly supported by sufficient evidence.

The record also suggests that Walker's trial was fair. Walker was afforded an opportunity to voir dire the jury panel, and eleven jurors were excused without objection from the defense. Moreover, the jury instructions appear to have been proper, and no objections were raised to the instructions.

We also conclude that the district court properly sentenced Walker. The court properly determined that Walker was a career offender because he was at least eighteen years old at the time of the instant offense, the instant offense is a felony that involves a controlled substance, and Walker has at least two prior felony convictions for controlled substance offenses. *See* USSG § 4B1.1; *United States v. Harris,* 165 F.3d 1062, 1067 (6th Cir. 1999). The court also properly determined Walker's guidelines sentencing range. Walker's total offense level was 37, his Criminal History Category score was VI, and the resulting guidelines range was 360 months to life. Thus, his sentence of 360 months was within the applicable guidelines range.

The district court's decision not to grant a downward departure is not reviewable because the district court was aware of its authority to depart downward, *see United States v. Henderson,* 209 F.3d 614, 617–18 (6th Cir.2000), but concluded that the circumstances of this case did not warrant a departure.

Finally, we have reviewed the record, including the trial transcript and the transcript of the sentencing hearing, and have discovered no error warranting reversal of Walker's convictions and sentence.

Accordingly, we deny the motion for the appointment of counsel, grant counsel's motion to withdraw, and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.